**SO ORDERED.**

**SIGNED this 07 day of August, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

ROSE LEE CORBETT,

       Debtor.                                     Case No. 06-00508-8-JRL

ROSE LEE CORBETT,

       Plaintiff,                                   Adversary Proceeding No.:
                                                    06-00075-8-AP
v.

BENEFICIAL/HOUSEHOLD FINANCIAL
CORPORATION,

       Defendant.
_____

**ORDER**

This case is before the court on the plaintiff's motion for default judgment. On July 20, 2006, the court conducted a hearing in Wilmington, North Carolina.

The plaintiff filed her Chapter 13 petition on February 22, 2006. The defendant was listed as a creditor on the plaintiff's petition with an unsecured claim in the amount of $13,899.94. The plaintiff's

mailing matrix also included the defendant so the court could notify it of the commencement of the bankruptcy case. On March 6, 2006, the defendant withdrew money from the plaintiff's checking account in the amount of $232. The plaintiff testified that she subsequently contacted the defendant and requested that they stop all drafts because of her bankruptcy case. The defendant responded by asking her to prove it. As a result of the post-petition draft, the plaintiff was unable to make the monthly payment on her mobile home in a timely manner and was forced to pay a fee to First Citizens Bank to stop drafts on her account.

On May 2, 2006, the plaintiff filed a complaint alleging that the defendant willfully violated the automatic stay. An answer was due on or before June 5, 2006. The defendant failed to answer and on June 26, 2006, default was entered against the defendant. No response was filed with regard to the plaintiff's motion for default judgment and no one appeared at the hearing on behalf of the defendant.

Under 11 U.S.C. § 362(a)(3), a stay is imposed upon the filing of a bankruptcy petition, preventing creditors from taking any action "to obtain possession of property of the estate" or "to exercise control over property of the estate." A debtor injured by the "willful violation of a stay" may recover actual damages and punitive damages. See 11 U.S.C. § 362(k).

Based on the foregoing, the court finds that the defendant violated the automatic stay when it withdrew money from the plaintiff's checking account post-petition. The defendant is directed to pay compensatory damages to the plaintiff in the amount of $292.55. The court also finds that the injury to the plaintiff was willful based on the defendant's insistence that she prove her bankruptcy case after the court had already notified the defendant of the commencement of the case. The plaintiff is therefore entitled to

punitive damages from the defendant in the amount of $500. The court also directs the defendant to pay the plaintiff's attorney's fees in the amount of $750. Accordingly, the plaintiff's motion is granted pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure.

"End of Document"